UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keith Lamont Johnson,

    Plaintiff,

v.                                                                              Honorable Sean F. Cox

City of Detroit, *et al.*,                                     Case No. 07-13951

    Defendants.
_____/

## OPINION & ORDER
## GRANTING MACOMB COUNTY DEFENDANTS'
## MOTION TO DISMISS

In this action, Plaintiff asserts § 1983 claims and state law tort claims against the City of Detroit, the City of Woodhaven, the City of Trenton, Macomb County, Wayne County, and various individual employees of same. The matter is currently before the Court on a Motion to Dismiss filed by the Macomb County Defendants. The parties have briefed the issues and oral argument was heard on February 7, 2008. For the reasons below, the motion shall be GRANTED and Plaintiff's § 1983 claims (Counts I and II) against the Macomb County Defendants shall be dismissed with prejudice.

**BACKGROUND**

Plaintiff Keith Lamont Johnson ("Plaintiff") filed this § 1983 action on September 19, 2007, against numerous Defendants, including the County of Macomb ("Macomb County" or "the County") and John Doe III and Jane Doe III, employees of Macomb County (collectively "the Macomb County Defendants"). Plaintiff's complaint contains three counts: 1) a § 1983 claim against the individual defendants; 2) a § 1983 claim against the cities of Detroit, Trenton

1

and Woodhaven and Macomb and Wayne County; and 3) state law assault and battery and false imprisonment claims against the individual defendants.

Macomb County filed the instant Motion to Dismiss on November 19, 2007. The County notes that Plaintiff's complaint named as individual defendants John Doe III and Jane Doe III, unknown officers for Macomb County. It's motion explains that while "there are technically no individual county employees named in this suit," its motion "proceeds as if specific officers had been named and asserts that their actions do not give rise to constitutional or state law tort claims." (Def.'s Br. at 3). Plaintiff has not voiced any objection to Defendants proceeding in that manner.

Plaintiff's complaint alleges the following facts that relate to the Macomb County Defendants:

At some point during 1990, "Plaintiff had been arrested based on an alleged warrant existing for offenses committed in the City of Detroit, for a person with his name and date of birth; that person however was not plaintiff. Subsequent to this arrest, after a comparison of his fingerprints with those of the person who was wanted on warrant, Plaintiff was released." (Compl. at ¶ 5).

On September 28, 2004, Officer Szymankiewicz , a police officer with the City of Woodhaven's Police Department ("Szymankiewicz"), was called to one of its intersections for a disabled vehicle on the roadway. He "checked the Law Enforcement Information Network (LEIN) and found out that a 'Keith Johnson' had warrants for arrest out of Macomb County, Wayne County and the City of Detroit; Plaintiff however told [Szymankiewicz] that he was not the Keith Johnson wanted on warrants." (*Id*. at ¶ 8). Plaintiff was arrested, handcuffed and taken

to the Woodhaven Police Station, where Plaintiff "was fingerprinted, had his mugshots taken, was otherwise booked." (*Id*. at ¶¶ 10-11).

Plaintifff told Szymankiewicz, and two other Woodhaven employees, "that he was the 'wrong person' and that his fingerprints should be compared with the fingerprints of the person wanted on the warrants." (*Id*. at ¶ 13). That "information provided by Plaintiff was disregarded and was also not given in the communication(s) by City of Woodhaven employees with employees of the Macomb County Sheriff's department." (*Id*.).

"At about 11:37 am, after the Macomb County Sheriff's Department had been called by an employee of the City of Woodhaven, notifying it that Johnson was in custody, Plaintiff was transported by Macomb County Deputies from the City of Woodhaven Jail to the Macomb County Jail to which he was confined beginning about 1:16 pm; Plaintiff told Defendant Macomb County deputies, JOHN DOE III and JANE DOE III that he was the 'wrong person.'" (*Id.* at 14).

"On September 29, 2004, Plaintiff appeared for a hearing in Macomb County Circuit Court; at the September 29 hearing Plaintiff explained to the court that he was the wrong person." (*Id*. at ¶ 15). "Plaintiff was then returned to the Macomb County Jail with instructions that the Macomb County Sheriff's Department was to establish Plaintiff's identity by fingerprints." (*Id.* at ¶ 16). "It was subsequently determined by the Macomb County Sheriff's Department that the person wanted on the Macomb County warrant was not Plaintiff" and Plaintiff "was released at about 4:30 pm on Sept. 29, 2004." (*Id*. at ¶ 17).[1]

---

[1]The complaint also alleges facts relating to a third arrest, but that incident does not involve the Macomb County Defendants.

**ANALYSIS**

In its Motion to Dismiss, Macomb County asserts the following grounds for relief: 1) Plaintiff's § 1983 claims against John Doe III and Jane Doe III should be dismissed because those unidentified officers are entitled to qualified immunity; 2) Plaintiff's § 1983 claims against Macomb County should be dismissed because it cannot be held liable when the individual officers did not commit a constitutional deprivation; 3) Plaintiff's § 1983 claim should also be dismissed because Plaintiff has not sufficiently alleged a policy or custom that was the moving force behind his alleged constitutional violations; 4) Plaintiff's state law claims of assault and battery and false imprisonment should be dismissed against the County because there is no intentional tort exception to governmental immunity provided to governmental agencies under Michigan's governmental tort liability act, M.C.L. § 691.1401 *et seq.*; and 5) Plaintiff's state law intentional tort claims against the officers should be dismissed because their actions were justified. These various grounds for relief are discussed below.

A.  John And Jane Doe III Are Entitled To Qualified Immunity Because, On The Facts Alleged, The Officers Did Not Violate A Constitutional Right.

"Under the qualified immunity doctrine, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Perez v. Oakland County*, 466 F.3d 416, 426 (6th Cir. 2006)(citing *Walsh v. Cuyahoga County*, 424 F.3d 510, 513 (6th Cir. 2005). As both parties recognize in their briefs, in evaluating a qualified immunity defense, the court engages in a two-part analysis.

The Court first determines whether, on the facts alleged, the official violated a constitutional or statutory right. *Id*. "If the Plaintiff does not establish the violation of a

constitutional or statutory right, the inquiry ends there and the official is entitled to immunity." *Perez,* 466 F.3d at 427.

Under the second step, the Court determines whether the right violated was "clearly established" at the time of the violation. *Id.* "The burden of showing that the right was clearly established 'rests squarely with the plaintiff.'" *Id*. at 427 (citing *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999). The relevant inquiry in determining if a right was clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. The plaintiff must show that the right was clearly established "in light of the specific context of the case, not as a broad general proposition." *Id.* "If reasonable officers could disagree about the lawfulness of the conduct in question, immunity must be recognized." *Id*. "In order to determine if the law is clearly established such that a reasonable official could determine that his actions were unlawful, the court looks principally to the law of [the Sixth Circuit] and the Supreme Court." *Id* For Plaintiff, this means that he must show that binding authority would have alerted reasonable people in the Defendant officers' position that their conduct was unlawful. *Id*. at 428.

Defendants claim that to the extent that Plaintiff alleges that John and Jane Doe III "deprived him of his Fourth and Fourteenth Amendment rights to be free from unlawful seizure in light of his repeated protested innocence, his claim fails." (Defs.' Br. at 4). Defendants contend that the leading case on this issue is *Baker v. McCollan*, 443 U.S. 137 (1979), and that *Baker* establishes that no constitutional violation was committed by the officers if they, as alleged, detained him despite his protested innocence for a period of 29 hours. Defendants state that detainment for a period of 29 hours is two days less than the period of time that the plaintiff

5

in *Baker* was detained and the Court held that detainment gave no rise to a constitutional claim. Defendants also contend that *Gray v. Cuyahoga Co. Sheriff's Dept.*, 150 F.3d 579 (6th Cir. 1998) establishes that the conduct alleged by the officers does not constitute a constitutional violation.

Plaintiff relies on *Gray* and, citing a number of non-binding cases from outside this jurisdiction after *Baker*, asserts that there are two factors that should be considered in the analysis: 1) the length of the wrongful detention; and 2) the ease with which the officer could have verified that they had the correct person in the warrant. Plaintiff asserts that, "given the pleadings in the instant matter, that only notice pleading is required, and the liberality and reasonable inferences that can be drawn from the pleadings, Defendants' motion to dismiss the Constitutional claims on the basis that there had been no breach of the Constitution, and based on qualified immunity, must be rejected." (Pl.'s Br. at 14).

The Court concludes that Plaintiff has failed to allege a cognizable constitutional violation by John & Jane Doe III, and they are therefore entitled to qualified immunity under the first step of the qualified immunity analysis.

Here, as in *Baker* and *Gray*, the question presented is whether someone who is wrongly imprisoned as a result of mistaken identity can state a constitutional claim against his jailers based on their failure to ascertain that they had the wrong man. *Gray*, 150 F.3d at 582; *Baker,* 443 U.S. at 143-44.

As the Sixth Circuit noted in *Gray*, "[t]he leading case on this issue" is *Baker*. "In *Baker*, the Supreme Court held that where a plaintiff was arrested pursuant to a facially valid warrant, and where the plaintiff was detained for three days over the New Year's holiday despite his protestations of mistaken identity, the plaintiff's wrongful imprisonment did not give rise to a

claim that the Fourth Amendment prohibition against unreasonable seizures had been violated." *Gray*, 150 F.3d at 582. The *Baker* Court concluded that "[w]hatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution." *Baker*, 443 U.S. at 144. Thus, the plaintiff had "no claim cognizable under § 1983." *Baker*, 443 U.S. at 146-47.

"However, the Court went on to acknowledge that '[o]bviously, one in [the plaintiff's] position could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment." *Gray*, 150 F.3d at 582. The Court stated that "[w]e may even assume, *arguendo*, that, depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty . . . without due process of law.' But we are quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation." *Baker*, 443 U.S. at 145.

In *Gray*, the Sixth Circuit noted that following *Baker,* there have been opportunities for courts to consider how long a period of wrongful incarceration must be before constitutional concerns are implicated. *Gray*, 150 F.3d at 582. The Sixth Circuit noted that a district court in Pennsylvania had found a period of 30 days, coupled with the fact that defendants had the ability to discover the error, may be sufficient to state a § 1983 claim. The *Gray* Court concluded that Plaintiff had a cognizable claim of a constitutional violation under the facts presented, where the plaintiff had been incarcerated for 41 days under the facially valid warrant, despite the fact that defendants possessed a photograph of the wanted man that looked "nothing like" plaintiff and

the physical description of the wanted man referred to scars that Plaintiff did not have.

Here, when construing the facts alleged in the light most favorable to Plaintiff, Plaintiff was arrested pursuant to a facially valid warrant and was detained for approximately 29 hours despite his protestations of mistaken identity to John and Jane Doe III. Accordingly, the Court concludes that under *Baker* and *Gray,* Plaintiff has not alleged a cognizable constitutional claim. *See also Garcia v. Wayne County*, 2007 WL 2868026 (E.D. Mich. 2007)(relying on same). Plaintiff's § 1983 claim against Defendants John and Jane Doe III shall therefore be dismissed.

B.  Given That Its Officers Committed No Constitutional Violation Under The Facts Alleged,  Plaintiff's § 1983 Claim Against Macomb County Fails.

Next, Defendants assert that Plaintiff's § 1983 claim against the County must be dismissed if the Court concludes that Defendants John and Jane Doe III committed no constitutional violation. It contends that a "conclusion that no officer-defendant had deprived the plaintiff of any constitutional right a fortiori defeats the claim against the county . . ." *Scott v. Clay Co., Tenn*., 205 F.3d 867, 879 (6th Cir. 2000).

Plaintiff does not dispute Defendants' legal argument that, if Plaintiff cannot establish a constitutional violation by John and Jane Doe III occurred, Plaintiff cannot maintain a § 1983 claim against Macomb County. Rather, Plaintiff responds by asserting that based on the pleadings and case law, he maintains that the officers did commit a constitutional violation. (Pl.'s Br. at 14-15).

For the reasons above, the Court concludes that John and Jane Doe III are entitled to qualified immunity because, under the facts alleged, no constitutional violation occurred. That

conclusion defeats Plaintiff's § 1983 claim against Macomb County.[2]

C.  Because Plaintiff Has Not Asserted His State Law Tort Claims Against Macomb County, The Court Need Not Make Any Ruling Dismissing Such Claims.

In its motion, the County asserts that the Court must dismiss Plaintiff's tort claims against the County because there is no intentional tort exception to the governmental immunity provided to governmental agencies under M.C.L. § 691.1401 *et seq.*

In response, Plaintiff agrees that there is no exception to immunity by governmental agencies as to intentional torts. Plaintiff states, however, that his state law tort claims were asserted against the individual defendants only – they were not asserted against Macomb County or any of the other governmental agency defendants. (Pl.'s Br. at 17)(citing to ¶¶ 36-38 of Pl.'s Compl.).

Accordingly, Because Plaintiff has not asserted his state law tort claims against Macomb County, the Court need not make any ruling dismissing such claims against the County.

D.  Because Plaintiff Has Voluntarily Dismissed Count III Against John And Jane Doe III, The Court Need Not Rule On Defendant's Remaining Arguments.

Finally, Defendants's motion sought dismissal of Plaintiff's state law tort claims against the individual Macomb County Officers, John and Jane Doe III.

Although Plaintiff opposed dismissal of Count III in his response brief, Plaintiff later agreed to voluntarily dismiss Count III of his complaint as to John and Jane Doe III. (*See*

---

[2]Given this result, the Court need not reach the Defendants' alternative ground for dismissal of the §1983 claim against the County – that Plaintiff's complaint has failed to sufficiently allege facts supporting its allegation that a policy or custom was the moving force behind the alleged constitutional violation.

Docket Entry No. 29).³ Thus, these claims have already been dismissed and require no ruling by this Court.

**CONCLUSION & ORDER**

For the reasons above, the Macomb County Defendants' Motion to Dismiss is GRANTED and Plaintiff's claims against Macomb County, John Doe III and Jane Doe III are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 13, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 13, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

---

³Plaintiff's counsel also confirmed on the record at the February 7, 2008 hearing that Plaintiff had voluntarily dismissed Count III, which contains his state law claims for assault and battery and false imprisonment.