UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keith Lamont Johnson,

    Plaintiff,

v.                                                        Honorable Sean F. Cox

City of Detroit, *et al.*,                  Case No. 07-13951

    Defendants.
_____/

## OPINION & ORDER GRANTING
## WOODHAVEN DEFENDANTS' MOTION TO DISMISS

In this action, Plaintiff asserts § 1983 claims and state law tort claims against the City of Detroit, the City of Woodhaven, the City of Trenton, Macomb County, Wayne County, and various individual employees of same. The matter is currently before the Court on a Motion to Dismiss filed by the City of Woodhaven and its employees that were named as defendants (collectively "the Woodhaven Defendants"). The parties have fully briefed the issues. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons below, the motion shall be GRANTED and Plaintiff's § 1983 claims (Counts I and II) against the Woodhaven Defendants shall be dismissed with prejudice.

### BACKGROUND

Plaintiff Keith Lamont Johnson ("Plaintiff") filed this § 1983 action on September 19,

2007, against numerous Defendants, including the City of Woodhaven, Lieutenant Sarah Lancaster ("Lancaster"), Officer Mark Szymankiewicz ("Szymankiewicz"), and John Doe I and Jane Doe I, unidentified employees of the City of Woodhaven (collectively "the Woodhaven Defendants"). Plaintiff's complaint contains three counts: 1) a § 1983 claim against the individual defendants ("Count I"); 2) a § 1983 claim against the cities of Detroit, Trenton and Woodhaven and Macomb and Wayne County ("Count II"); and 3) state law assault and battery and false imprisonment claims against the individual defendants ("Count III"). After filing his complaint, however, Plaintiff stipulated to the dismissal of Count III as it pertains to Lancaster and Szymankiewicz. Thus, only Counts I and II remain with respect to the Woodhaven Defendants.

The Woodhaven Defendants filed the instant Motion to Dismiss on March 27, 2008.

Plaintiff's complaint alleges the following facts that are relevant for purposes of this motion. These facts are accepted as true for purposes of this motion.

At some point during 1990, "Plaintiff had been arrested based on an alleged warrant existing for offenses committed in the City of Detroit, for a person with his name and date of birth; that person however was not plaintiff. Subsequent to this arrest, after a comparison of his fingerprints with those of the person who was wanted on warrant, Plaintiff was released." (Compl. at ¶ 5).

On September 28, 2004, Szymankiewicz , a police officer with the City of Woodhaven's Police Department, was called to one of its intersections for a disabled vehicle on the roadway. He "checked the Law Enforcement Information Network (LEIN) and found out that a 'Keith Johnson' had warrants for arrest out of Macomb County, Wayne County and the City of Detroit;

2

Plaintiff however told [Szymankiewicz] that he was not the Keith Johnson wanted on warrants." (*Id*. at ¶ 8). Plaintiff was arrested, handcuffed and taken to the Woodhaven Police Station, where Plaintiff "was fingerprinted, had his mugshots taken, was otherwise booked, had communications with Defendant police officer, JOHN DOE I and JANE DOE I, who were employees of the City of Woodhaven, and was confined to the City of Woodhaven Jail." (*Id*. at ¶¶ 10-11).

Plaintiff alleges that his arrest was approved by Lancaster. (*Id*. at ¶ 12). Plaintifff alleges that he told Szymankiewicz, and two other Woodhaven employees, "that he was the 'wrong person' and that his fingerprints should be compared with the fingerprints of the person wanted on the warrants." (*Id*. at ¶ 13). That "information provided by Plaintiff was disregarded and was also not given in the communication(s) by City of Woodhaven employees with employees of the Macomb County Sheriff's department." (*Id*.).

"At about 11:37 am, after the Macomb County Sheriff's Department had been called by an employee of the City of Woodhaven, notifying it that Johnson was in custody, Plaintiff was transported by Macomb County Deputies from the City of Woodhaven Jail to the Macomb County Jail to which he was confined beginning about 1:16 pm. (*Id.* at 14).

Plaintiff's complaint does not allege any further involvement of the Woodhaven Defendants.

## ANALYSIS

In its Motion to Dismiss, the Woodhaven Defendants assert the following grounds for relief: 1) Plaintiff's § 1983 claims against the individual defendants should be dismissed because the Woodhaven officers are entitled to qualified immunity; 2) Plaintiff's § 1983 claims against

the City of Woodhaven should be dismissed because it cannot be held liable when the individual officers did not commit a constitutional deprivation; 3) Plaintiff's § 1983 claim against the City of Woodhaven should also be dismissed because Plaintiff has not sufficiently alleged a policy or custom that was the moving force behind his alleged constitutional violations. Each ground will be addressed in turn.

A. The Individual Defendants Are Entitled To Qualified Immunity Because, On The Facts Alleged, The Officers Did Not Violate A Constitutional Right.

"Under the qualified immunity doctrine, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Perez v. Oakland County*, 466 F.3d 416, 426 (6th Cir. 2006)(citing *Walsh v. Cuyahoga County*, 424 F.3d 510, 513 (6th Cir. 2005). As both parties recognize in their briefs, in evaluating a qualified immunity defense, the court engages in a two-part analysis.

The Court first determines whether, on the facts alleged, the official violated a constitutional or statutory right. *Id*. "If the Plaintiff does not establish the violation of a constitutional or statutory right, the inquiry ends there and the official is entitled to immunity." *Perez,* 466 F.3d at 427.

Under the second step, the Court determines whether the right violated was "clearly established" at the time of the violation. *Id.* "The burden of showing that the right was clearly established 'rests squarely with the plaintiff.'" *Id*. at 427 (citing *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999). The relevant inquiry in determining if a right was clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. The plaintiff must show that the right was clearly established "in light of the

4

specific context of the case, not as a broad general proposition." *Id.* "If reasonable officers could disagree about the lawfulness of the conduct in question, immunity must be recognized." *Id*. "In order to determine if the law is clearly established such that a reasonable official could determine that his actions were unlawful, the court looks principally to the law of [the Sixth Circuit] and the Supreme Court." *Id* For Plaintiff, this means that he must show that binding authority would have alerted reasonable people in the Defendant officers' position that their conduct was unlawful. *Id*. at 428.

Defendants claim that to the extent that Plaintiff alleges that the officers "deprived him of his Fourth and Fourteenth Amendment rights to be free from unlawful seizure in light of his repeated protested innocence, his claim fails." (Defs.' Br. at 4). Defendants contend that the leading case on this issue is *Baker v. McCollan*, 443 U.S. 137 (1979), and that *Baker* establishes that no constitutional violation was committed by the officers if they, as alleged, detained him despite his protested innocence for a period of less than five hours. Defendants state that detainment for a period of five hours is considerably less than the period of time that the plaintiff in *Baker* was detained and the Court held that detainment gave no rise to a constitutional claim. Defendants also contend that *Gray v. Cuyahoga Co. Sheriff's Dept.*, 150 F.3d 579 (6th Cir. 1998) establishes that the conduct alleged by the officers does not constitute a constitutional violation.

Plaintiff relies on *Gray* and, citing a number of non-binding cases from outside this jurisdiction after *Baker*, asserts that there are two factors that should be considered in the analysis: 1) the length of the wrongful detention; and 2) the ease with which the officer could have verified that they had the correct person in the warrant. Plaintiff asserts that, "given the pleadings in the instant matter, that only notice pleading is required, and the liberality and

5

reasonable inferences that can be drawn from the pleadings, Defendants' motion to dismiss the Constitutional claims on the basis that there had been no breach of the Constitution, and based on qualified immunity, must be rejected." (Pl.'s Br. at 16-17).

The Court concludes that Plaintiff has failed to allege a cognizable constitutional violation by the officers, and that they are therefore entitled to qualified immunity under the first step of the qualified immunity analysis.

Here, as in *Baker* and *Gray*, the question presented is whether someone who is wrongly imprisoned as a result of mistaken identity can state a constitutional claim against his jailers based on their failure to ascertain that they had the wrong man. *Gray*, 150 F.3d at 582; *Baker,* 443 U.S. at 143-44.

As the Sixth Circuit noted in *Gray*, "[t]he leading case on this issue" is *Baker*. "In *Baker*, the Supreme Court held that where a plaintiff was arrested pursuant to a facially valid warrant, and where the plaintiff was detained for three days over the New Year's holiday despite his protestations of mistaken identity, the plaintiff's wrongful imprisonment did not give rise to a claim that the Fourth Amendment prohibition against unreasonable seizures had been violated." *Gray*, 150 F.3d at 582. The *Baker* Court concluded that "[w]hatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution." *Baker*, 443 U.S. at 144. Thus, the plaintiff had "no claim cognizable under § 1983." *Baker*, 443 U.S. at 146-47.

"However, the Court went on to acknowledge that '[o]bviously, one in [the plaintiff's] position could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth

Amendment." *Gray*, 150 F.3d at 582. The Court stated that "[w]e may even assume, *arguendo*, that, depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty . . . without due process of law.' But we are quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation." *Baker*, 443 U.S. at 145.

In *Gray*, the Sixth Circuit noted that following *Baker,* there have been opportunities for courts to consider how long a period of wrongful incarceration must be before constitutional concerns are implicated. *Gray*, 150 F.3d at 582. The Sixth Circuit noted that a district court in Pennsylvania had found a period of 30 days, coupled with the fact that defendants had the ability to discover the error, may be sufficient to state a § 1983 claim. The *Gray* Court concluded that Plaintiff had a cognizable claim of a constitutional violation under the facts presented, where the plaintiff had been incarcerated for 41 days under the facially valid warrant, despite the fact that defendants possessed a photograph of the wanted man that looked "nothing like" plaintiff and the physical description of the wanted man referred to scars that Plaintiff did not have.

Here, when construing the facts alleged in the light most favorable to Plaintiff, Plaintiff was arrested pursuant to a facially valid warrant and was detained by the Woodhaven officers for approximately 5 hours despite his protestations of mistaken identity. Accordingly, the Court concludes that under *Baker* and *Gray,* Plaintiff has not alleged a cognizable constitutional claim. *See also Garcia v. Wayne County*, 2007 WL 2868026 (E.D. Mich. 2007)(relying on same). Plaintiff's § 1983 claim against the Woodhaven officers shall therefore be dismissed.

B. <u>Given That Its Officers Committed No Constitutional Violation Under The Facts Alleged, Plaintiff's § 1983 Claim Against The City Of Woodhaven Fails.</u>

Next, Defendants assert that Plaintiff's § 1983 claim against the City of Woodhaven must be dismissed if the Court concludes that the Woodhaven officers committed no constitutional violation. Defendants rely on *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) and *Monday v. Oullette*, 118 F.3d 1099 (6th Cir. 1997).

Plaintiff does not dispute Defendants' legal argument that, if Plaintiff cannot establish a constitutional violation by the Woodhaven officers occurred, Plaintiff cannot maintain a § 1983 claim against the City of Woodhaven. Rather, Plaintiff responds by asserting that based on the pleadings and case law, he maintains that the officers did commit a constitutional violation. (Pl.'s Br. at 17-18).

For the reasons above, the Court concludes that the Woodhaven officers are entitled to qualified immunity because, under the facts alleged, no constitutional violation occurred. That conclusion defeats Plaintiff's § 1983 claim against the City of Woodhaven. *Scott v. Clay Co., Tenn.*, 205 F.3d 867, 879 (6th Cir. 2000)(a "conclusion that no officer-defendant had deprived the plaintiff of any constitutional right a fortiori defeats the claim against the county . . .").[1]

**CONCLUSION & ORDER**

For the reasons above, the Woodhaven Defendants' Motion to Dismiss is GRANTED and Plaintiff's claims against the City of Woodhaven, Lancaster, Szymankiewicz, John Doe I

---

[1]Given this result, the Court need not reach the Defendants' alternative ground for dismissal of the §1983 claim against the City of Woodhaven – that Plaintiff's complaint has failed to sufficiently allege facts supporting its allegation that a policy or custom was the moving force behind the alleged constitutional violation.

8

and Jane Doe I are hereby DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.

                                  s/Sean F. Cox
                                  Sean F. Cox
                                  United States District Judge

Dated: May 20, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 20, 2008, by electronic and/or ordinary mail.

                                  s/Jennifer Hernandez
                                  Case Manager