UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keith Lamont Johnson,

    Plaintiff,

v.                                                                                          Honorable Sean F. Cox

City of Detroit, *et al.*,                                                        Case No. 07-13951

    Defendants.
_____/

## OPINION & ORDER
## DENYING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT

Plaintiff Keith Lamont Johnson ("Plaintiff") filed this § 1983 action on September 19, 2007, against numerous Defendants, including several "john doe defendants." The matter is currently before the Court on "Plaintiff's Motion to File First Amended Complaint with Added Defendants and for Issuance of Summons for the Added Defendants." The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons below, the motion shall be DENIED.

### BACKGROUND

Plaintiff filed this § 1983 action on September 19, 2007, against numerous Defendants, including several "john doe defendants."

This Court's initial Scheduling Order, issued on January 22, 2008, provided that discovery would close on July 22, 2008, that the deadline for filing motions would be August 22,

1

2008, and that trial would take place during January/February of 2009. (Docket Entry No. 31).

At the request of the parties, however, this Court issued a 2nd Scheduling Order on September 18, 2008. (Docket Entry No. 57). That Order provides that discovery closes on September 22, 2008, that no motions may be filed after October 22, 2008, and that trial will take place during the months of March/April, 2009. (*Id*.). Upon granting the parties' request for the extended scheduling order, the Court advised that parties that no further extensions would be provided.

On October 22, 2008, Plaintiff filed the instant motion seeking to file an amended complaint, in order to add claims against 20 new defendants. Plaintiff states that he seeks to add claims against these individuals based on unspecified "discovery which has been conducted to date," but he provides no indication of when he obtained the discovery pertaining to these individuals. Plaintiff's brief in support of his motion states, in its entirety, as follows:

> Plaintiff adopts by reference the allegations made in the Motion.
> FRCP 15(a)(2) states that regarding a request for for [sic] amended pleadings, '[the court] should freely give leave when justice so requires.'
> The alternative, for Plaintiff, if this Motion is denied, is to file a separate and additional Complaint as to the persons sought to be added as Defendants.

(Docket Entry No. 72).

## ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides, in pertinent part:

**Rule 15. Amended and Supplemental Pleadings**

**(a) Amendments Before Trial.**

    (1) **Amending as a Matter of Course.** A party may amend its pleading once as a

2

matter of course:

> (A) before being served with a responsive pleading; or
>
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>
> (2) **Other Amendments**. *In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave where justice so requires.*

FED. R. CIV. P. 15(a)(emphasis added). The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Abuse of that discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In evaluating motions for leave to amend complaints, the Sixth Circuit in *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593 (6th Cir.2001) listed several factors to consider:

> [T]he *delay in filing*, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, *undue prejudice to the opposing party,* and futility of amendments.

*Perkins* at 605(emphasis added). The two most relevant factors in this case are those dealing with "delay" and "undue prejudice."

There was clearly a delay on the part of Plaintiff in filing this motion seeking leave to file an amended complaint. The events in question happened on November 2, 2005, and in January 2007, and Plaintiff was given 12 full months of discovery in this action during which he could discover the identity of all individuals involved in the incidents at issue. Now, over a month

3

past the discovery cutoff date and on the last possible day for motion filing, Plaintiff makes this eleventh hour motion to amend. This clearly meets the "delay in filing" requirement laid out in *Perkins*. However, as the Sixth Circuit has also held, "delay alone, however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986).

Such prejudice exists in this case. In two relatively recent Sixth Circuit cases, denial of leave to amend was upheld on appeal. *See Miller v. Administrative Office of the Courts*, 448 F.3d 887 (6th Cir.2006); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir.1999). Just as in the instant case, in both cases motions to amend had been filed after the cutoff for discovery had passed, and were filed just at the close of the motion filing period. *Miller* at 898; *Duggins* at 834. Also similar to this case, a motion for summary judgment had been filed by the opposing sides in both those cases as well. *Id.* Both Sixth Circuit cases held such delay past the cutoff for discovery and at the motion deadline unduly prejudiced the opposing party, and a number of other circuits agree with this as well.[1] *Id.* This prejudice to Defendants stems from what the Second Circuit described as "the readily apparent [fact that the] proposed amendments would require a new wave of discovery." *Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71, 87 (2d Cir.1998).

Granting Plaintiff's motion to amend would necessitate a reopening of discovery, which

---

[1] *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15 (1st Cir.1979); *MacDraw, Inc. V. CIT Group Equip. Financing, Inc.*, 157 F.3d 956 (2d Cir.1998); *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196 (3d Cir.1989); *Ferguson v. Roberts*, 11 F.3d 696 (7th Cir.1993); *Campbell v. Emory Clinic*, 166 F.3d 1158 (11th Cir.1999).

would significantly delay trial of this action. Furthermore, Plaintiff states in his motion that nothing prevents him from suing these additional individuals in a separate cause of action.

## CONCLUSION & ORDER

For the reasons above, Plaintiff's motion seeking to file an amended complaint is DENIED.

IT IS SO ORDERED.


Dated: November 17, 2008                    S/ Sean F. Cox
                                            Sean F. Cox
                                            United States District Court Judge

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 17, 2008.

                                            s/Jennifer Hernandez
                                            Case Manager to
                                            District Judge Sean F. Cox

5