UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keith Lamont Johnson,

    Plaintiff,

v.                                                    Case No. 07-13951

City of Detroit, *et al.*,                     Honorable Sean F. Cox

    Defendants.
_____/

**OPINION & ORDER GRANTING
WAYNE COUNTY DEFENDANTS' MOTION TO DISMISS**

In this action, Plaintiff asserts § 1983 claims and state law tort claims against the City of Detroit, the City of Woodhaven, the City of Trenton, Macomb County, Wayne County, and various individual employees of same. The matter is currently before the Court on a Motion to Dismiss filed by the Wayne County Defendants. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons below, the Court shall GRANT the motion.

**BACKGROUND**

A.    <u>Plaintiff's Complaint:</u>

Plaintiff Keith Lamont Johnson ("Plaintiff") filed this § 1983 action on September 19, 2007, against numerous Defendants, including the County of Wayne, Michigan ("Wayne County" or "the County") and John Doe IV and Jane Doe IV, unidentified employees of Wayne

County (collectively "the Wayne County Defendants"). Plaintiff's complaint contains three counts: 1) a § 1983 claim against the individual defendants; 2) a § 1983 claim against the cities of Detroit, Trenton and Woodhaven and Macomb and Wayne Counties; and 3) state law assault and battery and false imprisonment claims against the individual defendants.

Plaintiff's complaint alleges the following facts that are relevant to the Wayne County Defendants:

At some point during 1990, "Plaintiff had been arrested based on an alleged warrant existing for offenses committed in the City of Detroit, for a person with his name and date of birth; that person however was not plaintiff. Subsequent to this arrest, after a comparison of his fingerprints with those of the person who was wanted on warrant, Plaintiff was released." (Compl. at ¶ 5).

  1. The September 28, 2004 Arrest:

On September 28, 2004, Plaintiff was arrested by a police officer with the City of Woodhaven's Police Department on outstanding warrants for arrest out of Macomb County and Wayne County. Plaintiff told the Woodhaven officer that he was not the Keith Johnson wanted on the warrants. (Compl. at ¶ 8). Plaintiff was arrested and taken to the Woodhaven Police Station. (*Id*. at ¶¶ 10-11). After the Macomb County Sheriff's Department had been called by an employee of the City of Woodhaven, notifying it that Johnson was in custody, Plaintiff was transported by Macomb County Deputies from the City of Woodhaven Jail to the Macomb County Jail. Plaintiff told the Macomb County deputies that he was the "wrong person." (*Id.* at 14). Plaintiff was not released until approximately 4:30 p.m. on September 29, 2004, after the Macomb County Circuit Court instructed the Macomb County Sheriff's Department to establish

Plaintiff's identity by fingerprints. (*Id.* at ¶¶ 15-17).

Plaintiff does not allege that the Wayne County Defendants were involved in the September 28, 2004 arrest or detention.

    2.    <u>January 23, 2007 Arrest</u>:

On January 23, 2007, Plaintiff was arrested by an officer of the Trenton Police Department on an outstanding arrest warrant out of Wayne County and taken to the Trenton Police Department. (Compl. at ¶¶ 19-21). At the Trenton Police Department, Plaintiff told the officers that he was the "wrong person" and showed them a letter of clearance that he had obtained from the City of Detroit. (*Id.* at ¶ 23).

Plaintiff was then transported to the Wayne County Jail and was confined to the Wayne County Jail on January 23, 2007, at approximately 8:07 p.m. (*Id*. at ¶ 26). Plaintiff was discharged from the Wayne County Jail on January 25, 2007, at 6:53 p.m. (*Id*. at ¶ 28).

B.    <u>Procedural History</u>:

The Macomb County Defendants filed a Motion to Dismiss on November 19, 2007. In an Opinion & Order issued on February 13, 2008 (Docket Entry No. 32), this Court granted that motion and dismissed all claims against the Macomb County Defendants.

The Woodhaven Defendants filed a Motion to Dismiss on March 27, 2008. In an Opinion & Order issued on May 20, 2008 (Docket Entry No. 38), this Court granted that motion and dismissed all claims against the Woodhaven Defendants.

On July 16, 2008, the Wayne County Defendants filed the instant Motion to Dismiss.

ANALYSIS

In its Motion to Dismiss, the Wayne County Defendants assert several grounds for relief, which are discussed below.

A.      John And Jane Doe IV's Assertion Of Qualified Immunity:

"Under the qualified immunity doctrine, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Perez v. Oakland County*, 466 F.3d 416, 426 (6th Cir. 2006)(citing *Walsh v. Cuyahoga County*, 424 F.3d 510, 513 (6th Cir. 2005).  As both parties recognize in their briefs, in evaluating a qualified immunity defense, the court engages in a two-part analysis.

The Court first determines whether, on the facts alleged, the official violated a constitutional or statutory right.  *Id*. "If the Plaintiff does not establish the violation of a constitutional or statutory right, the inquiry ends there and the official is entitled to immunity." *Perez,* 466 F.3d at 427.

Under the second step, the Court determines whether the right violated was "clearly established" at the time of the violation.  *Id.*  "The burden of showing that the right was clearly established 'rests squarely with the plaintiff.'" *Id*. at 427 (citing *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999).  The relevant inquiry in determining if a right was clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  The plaintiff must show that the right was clearly established "in light of the specific context of the case, not as a broad general proposition." *Id.*  "If reasonable officers could disagree about the lawfulness of the conduct in question, immunity must be recognized."

*Id*. "In order to determine if the law is clearly established such that a reasonable official could determine that his actions were unlawful, the court looks principally to the law of [the Sixth Circuit] and the Supreme Court." *Id*  For Plaintiff, this means that he must show that binding authority would have alerted reasonable people in the Defendant officers' position that their conduct was unlawful. *Id*. at 428.

Defendants claim that to the extent that Plaintiff alleges that John and Jane Doe IV deprived him of his Fourth and Fourteenth Amendment rights to be free from unlawful seizure in light of his repeated protested innocence, his claim fails. Defendants contend that the leading case on this issue is *Baker v. McCollan*, 443 U.S. 137 (1979), and that *Baker* establishes that no constitutional violation was committed by the officers if they, as alleged, detained him despite his protested innocence for a period of less than two days. Defendants state that detainment for a period of less than 48 hours is less than the period of time that the plaintiff in *Baker* was detained and the Court held that detainment gave no rise to a constitutional claim.

The Court agrees that Plaintiff has failed to allege a cognizable constitutional violation by John & Jane Doe IV, and they are therefore entitled to qualified immunity under the first step of the qualified immunity analysis.

Here, as in *Baker* and *Gray*, the question presented is whether someone who is wrongly imprisoned as a result of mistaken identity can state a constitutional claim against his jailers based on their failure to ascertain that they had the wrong man. *Gray*, 150 F.3d at 582; *Baker,* 443 U.S. at 143-44.

As the Sixth Circuit noted in *Gray*, "[t]he leading case on this issue" is *Baker*.  "In *Baker*, the Supreme Court held that where a plaintiff was arrested pursuant to a facially valid warrant,

5

and where the plaintiff was detained for three days over the New Year's holiday despite his protestations of mistaken identity, the plaintiff's wrongful imprisonment did not give rise to a claim that the Fourth Amendment prohibition against unreasonable seizures had been violated." *Gray*, 150 F.3d at 582.  The *Baker* Court concluded that "[w]hatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution."  *Baker*, 443 U.S. at 144.  Thus, the plaintiff had "no claim cognizable under § 1983."  *Baker*, 443 U.S. at 146-47.

"However, the Court went on to acknowledge that '[o]bviously, one in [the plaintiff's] position could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment."  *Gray*, 150 F.3d at 582.  The Court stated that "[w]e may even assume, *arguendo*, that, depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty . . . without due process of law.'  *But we are quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation.*"  *Baker*, 443 U.S. at 145 (emphasis added).

In *Gray*, the Sixth Circuit noted that following *Baker,* there have been opportunities for courts to consider how long a period of wrongful incarceration must be before constitutional concerns are implicated.  *Gray*, 150 F.3d at 582.  The Sixth Circuit noted that a district court in Pennsylvania had found a period of 30 days, coupled with the fact that defendants had the ability to discover the error, may be sufficient to state a § 1983 claim.  The *Gray* Court concluded that

6

Plaintiff had a cognizable claim of a constitutional violation under the facts presented, where the plaintiff had been incarcerated for 41 days under the facially valid warrant, despite the fact that defendants possessed a photograph of the wanted man that looked "nothing like" plaintiff and the physical description of the wanted man referred to scars that Plaintiff did not have.

Here, when construing the facts alleged in the light most favorable to Plaintiff, Plaintiff was arrested pursuant to a facially valid warrant and was detained for less than 48 hours in the Wayne County Jail despite his protestations of mistaken identity to John and Jane Doe IV. Accordingly, the Court concludes that under *Baker* and *Gray,* Plaintiff has not alleged a cognizable constitutional claim against John and Jane Doe IV. *See also Garcia v. Wayne County*, 2007 WL 2868026 (E.D. Mich. 2007); *McGee v. Kowalski*, 2008 WL 2743919 (E.D. Mich. 2008). Plaintiff's § 1983 claim against Defendants John and Jane Doe IV will therefore be dismissed.

B.  Plaintiff's § 1983 Claim Against Wayne County:

Next, Defendants assert that Plaintiff's § 1983 claim against Wayne County must be dismissed if the Court concludes that Defendants John and Jane Doe IV committed no constitutional violation.

Plaintiff does not dispute Defendants' legal argument that, if Plaintiff cannot establish a constitutional violation by John and Jane Doe IV occurred, Plaintiff cannot maintain a § 1983 claim against Wayne County. Rather, Plaintiff responds by asserting that based on the pleadings and case law, he maintains that the officers did commit a constitutional violation.

The Court agrees that the County is entitled to summary judgment on the § 1983 claims against it because a "conclusion that no officer-defendant had deprived the plaintiff of any

constitutional right a fortiori defeats the claim against the county . . ." *Scott v. Clay Co., Tenn.*, 205 F.3d 867, 879 (6th Cir. 2000). For the reasons above, the Court concludes that John and Jane Doe IV are entitled to qualified immunity because, under the facts alleged, no constitutional violation occurred. That conclusion defeats Plaintiff's § 1983 claim against Wayne County, requiring its dismissal.

C.      Plaintiff's Intentional Tort Claims:

     1.      Tort Liability As To The County:

In its motion, Wayne County asserts that it cannot be liable on Plaintiff's intentional tort claims as a matter of law. In response, Plaintiff states that his complaint does "not allege liability for intentional torts as to Wayne County." (Pl.'s Resp. at 13). Accordingly, Because Plaintiff is not seeking to impose liability on the County for any intentional torts, the Court need not make any rulings with respect to same.

     2.      Tort Liability As To Individual Defendants:

In responding to the Wayne County Defendants' motion, Plaintiff states that "before the deadline for filing motions, Plaintiff will file a motion to amend the Complaint to add individual Wayne County Defendants by name." (Pls.' Resp. at 13).

On October 22, 2008, more than a month after the close of discovery and on the last date for filing any motions in the case, Plaintiff filed a motion seeking to add 20 new Defendants. This Court denied that motion in an Opinion & Order issued on November 17, 2008.

Thus, the Wayne County Defendants contend that Plaintiff "cannot prevail on his intentional tort claims where he has not named any individual defendants." (Reply at 4) Because there are no named individual Wayne County Defendants against whom Plaintiff has

asserted tort claims, Plaintiff cannot proceed to trial with such claims.  Accordingly, these claims shall also be dismissed.

## CONCLUSION & ORDER

For the reasons above, the Motion to Dismiss filed by the Wayne County Defendants is GRANTED and Plaintiff's claims against the Wayne County Defendants are DISMISSED.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated:  January 27, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2009, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager